Dayis, J.,
delivered the opinion of the coart:
This is an action to recover the surplus proceeds of real estate situated in Memphis and sold for direct taxes in 1864. It appears that after the sale the claimant did not surrender-possession of the premises; she was not ousted, nor, so far as is shown, was any step taken by either the Government or the purchasers to eject her. At a later day she made some kind of' conveyance of the property to a third party. The nature of this conveyance and the amount of consideration do not appear. The claim was presented to the Treasury and rejected upon the authority of a ruling by the Secretary in another case, wherein he held:
“ Inasmuch as the principal object of the direct tax laws is to collect the tax from delinquent owners of land by a transfer of the title and possession thereof from the owners to the purchasers at the sales, such delinquent owners, or their legal representatives, cannot in any case be entitled to the surplus proceeds of a sale if they remain forcibly in the possession of the land sold, or unless they procure an assignment of the direct tax title by the payment of a Amiuable consideration therefor to the purchaser, his heirs, or assigns.” (Int. Eev. Rec., vol. 30, p. 125.)
The Secretary, it will be noticed, bases his decision upon equitable reasons, and upon a case wherein possession was forcibly retained after the sale. We are not prepared to express an opinion as to the legal result, should such a case be presented to us. The Paynter claim, although refused at the Treasury upon the authority of this decision of the Secretary, does not appear to fall within its effect. The findings show not that Mrs. Paynter remained forcibly, but simply that she' did not surrender the premises to the purchasers, and it does-not appear that any effort, not even a demand, was made by the purchasers for their property. It was probably too much to expect that she should voluntarily seek them out in adAranceof any request or movement on their part, and while possibly in ignorance of their whereabouts, and not impossibly of their very names; and we cannot presume that she committed acts prejudicial to their rights, or such as to create a defense to this action, something in the nature of an equitable estoppel.
It may be that she remained on the property with the tacit assent of the purchasers, or that they were not sufficiently in *224 terested in it to take action of any kind to obtain possession ; but all tliis is pure speculation, and the findings, as they stand, compel a presumption of innocent intent upon her part; If she remained forcibly, that, fact might, perhaps, establish a defense, but it is a fact to be proved and not to be inferred.
The same reasoning applies to the conveyance she made to a third party after the sale, and it may, in the lack of' other proof, be assumed to be in the nature of a conveyance to remove a cloud upon the title, which she certainly had a right to make, and which was an act in aid of the Government’s title to the tax-sale purchasers.
The surplus, under the provisions of the statute, is to be paid to the “owner of the property or his legal representatives.” The claimants, at, the date of the sale, had title to the property, and unless debarred by some act committed after the sale, clearly must recover the proceeds. Whatever legal right the tax act could take from them had been taken ; whatever title the tax act could pass had vested in the purchasers. The principal object of the act had been accomplished in that the Government had received its due, and considerably more, while to the purchasers the courts were open to obtain possession of their property should it not be surrendered peaceably. The Government did not warrant the title, and had ceased to have any interest or concern in the land, other than a general desire that other sales should not be embarrassed by a known disposition on the part of the owners to refuse possession to the purchasers.
We cannot assume that the claimant endeavored to defeat this desire by impairing the title intended to be given, and, in fact, this action may involve an acknowledgment on her part perhaps sufficient to estop her, or those holding under her, from an attack hereafter upon that title.
Judgment will be entered in favor of the claimants for $274.51.